David A. Chami, #027585
PRICE LAW GROUP, APC
8245 N. 85th Way
Scottsdale, AZ 85258
T: (818) 600-5515
F: (818) 600-5415
E: david@pricelawgroup.com

Attorneys for Plaintiff,
John Bishop, Jr.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| JOHN BISHOP JR., | |
| Plaintiff, | **Case No.: 1:19-cv-3707** |
| vs. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| NAVIENT SOLUTIONS, L.L.C., | **(Unlawful Debt Collection Practices)** |
| Defendant. | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, John Bishop Jr. ("Plaintiff"), through his attorney, alleges the following against Defendant, Navient Solutions, L.L.C. ("Defendant").

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among

other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon the Invasion of Privacy, Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude of another or his private affairs or concerns…that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

3. Jurisdiction of the court arises under 28 U.S.C. § 1331, 28 U.S.C. § 1332, and 47 U.S.C. § 227.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

5. Because Defendant transacts business here, personal jurisdiction is established.

## PARTIES

6. Plaintiff is a natural person residing in Russiaville, Howard County, Indiana.

7. Defendant is a creditor engaged in the business of giving loans and managing credit accounts with its principal place of business located 2001 Edmund Halley Drive, Reston, VA 20191. Defendant can be served with process at

Corporation Service Company located at 100 Shockoe Slip Fl 2, Richmond, VA 23219.

## FACTUAL ALLEGATIONS

8. Defendant is attempting to collect an alleged debt from Plaintiff.

9. In and around November 2017, Defendant began placing calls to Plaintiff's cellular phone number (xxx)-xxx-0965, in an attempt to collect an alleged debt.

10. The calls came from the following telephone numbers: (607) 271-6193, (570) 904-8753, (615) 432-4236, (513) 914-4619, (317) 550-5580, (607) 215-7706, (716) 707-3372, (866) 963-1599, (512) 377-9223, (716 )707-3278, (386) 269-0326, (607) 271-6188, (513) 914-4612, (607) 821-4204, (607) 271-6192, (607) 765-5957, (866) 248-3121, (512) 377-9223, (765) 637-0784, (513) 770-1371, (703) 439-1086, (513) 770-1371, (716) 707-3275, and (716) 707-3278; upon information and belief these numbers are owned or operated by Defendant.

11. On or around November 13, 2017, at approximately 8:11 a.m., Plaintiff answered a collection call from Defendant; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system.

12. Defendant informed Plaintiff that it was attempting to collect a debt.

13. Plaintiff instructed Defendant not to contact him any further.

14. Upon information and belief, between November 14, 2017 and September 17, 2018 approximately two hundred and sixteen calls (216) were made to Plaintiff after he revoked consent to be called.

15. On or around September 18, 2018, at approximately 2:13 p.m., Plaintiff answered a second collection call from Defendant, telephone number (765) 637- 0784; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system.

16. Defendant informed Plaintiff that it was attempting to collect a debt.

17. Plaintiff instructed Defendant not to contact him any further.

18. Defendant ignored both of Plaintiff's requests to cease calls and continued calling him nine additional times through November 9, 2018.

19. Upon information and belief, in total approximately two hundred and twenty-five (225) calls were made by the Defendant to the Plaintiffs cellular phone after Plaintiff had initially requested not to be contacted.

20. Defendant attempted to predict when Plaintiff was available by calling him at similar times. Defendant called Plaintiff at 9:55 a.m. (August 30, 2018), 10:10 a.m. (September 11, 2018), 10:07 a.m. (September 12, 2018), 10:09 a.m. (September 13, 2018), and 10:05 a.m. (September 17, 2018).

21. On numerous occasions Defendant called Plaintiff up to six (6) times a day from early in the morning to late evening hours.

22. Defendant's calls were made on weekends and interrupted Plaintiff's personal time, sleep and family time.

23. Plaintiff received excessive calls during his work hours, causing severe stress and embarrassment at his place of employment.

24. Defendant has also called Plaintiff's place of employment as well as the place of employment of his children, which has resulted in embarrassment.

25. The constant calls from Defendant has caused Plaintiff to suffer from migraine headaches, driving Plaintiff to purchase over the counter medication for relief.

26. The conduct was not only willful but done with the intention of causing Plaintiff such distress, so as to induce his to pay the debt.

27. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including but not limited to, emotional and mental pain and anguish.

### COUNT I
**(Violations of the TCPA, 47 U.S.C. § 227)**

28. Plaintiff incorporates by reference all of the above paragraphs of the Complaint as though fully stated herein.

29. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

(a) Prior to the filing of the action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

(b) Within four years prior to the filing of the action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

30. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
### Invasion of Privacy
### (Intrusion upon Seclusion)

31. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

32. Defendant intentionally intruded upon Plaintiffs solitude, seclusion or private affairs and concerns.

33. Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by initiating harassing phone calls during the weekend hours, work hours and when Plaintiff was at home.

34. Defendants conduct would be highly offensive to a reasonable person as Plaintiff received calls that interrupted Plaintiff's work and sleep schedule.

35. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

36. As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages. If the Court find that the conduct is found to be egregious, Plaintiff may recovery punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, John Bishop, Jr., respectfully requests judgment be entered against Defendant, Navient Solutions, LLC formerly known as Navient Solutions, L.L.C., for the following:

A. Statutory damages of $500.00 for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B);

B. Any other relief that the Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated: August 29, 2019         By:   */s/*_____

*Attorney for Plaintiff,
John Bishop Jr.*