UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

No.: 1:19-cv-3707-TWP-TAB

JOHN BISHOP JR.,

       Plaintiff,

v.

NAVIENT SOLUTIONS, LLC,

       Defendant.

## PLAINTIFF JOHN BISHOP'S MOTION TO COMPEL ARBITRATION

I.      INTRODUCTION

This Court should stay the case and compel arbitration because, on information and belief, the presumed agreement between Plaintiff John Bishop Jr. ("Plaintiff" or "Mr. Bishop") and Defendant Navient Solutions, Inc. ("Defendant or "Navient"), contains an arbitration clause, which has been confirmed by Counsel for Defendant however a copy of said agreement has yet to be provided to Plaintiff or his counsel. The FAA provides that, once satisfied that the suit should be moved into arbitration, a court "shall on application of one of the parties stay the trial of the action." 9 U.S.C. § 3.  Because the parties should arbitrate the claims asserted in this case, Section 3 requires that this case be stayed pending arbitration and Defendant should be compelled to arbitrate consistent with the FAA and the agreement. This Motion is based on this Motion and Memorandum and Declaration of David Chami ("Chami Decl.").

## II.  BACKGROUND

Plaintiff filed the instant lawsuit on August 29, 2019, asserting violation of the Telephone Consumer Protection Act ("TCPA") and under Indiana's common law for a claim for invasion of privacy/intrusion upon seclusion.  Since the filing of the answer, counsel for the parties have been in discussions to determine whether the case is suitable for arbitration.  At this stage, Defendant has not provided a copy of the agreement despite counsel's request. Chami Decl.  On information and belief, one element of the agreement was an arbitration clause. Defendant has admitted that such an agreement exists but has not produced the agreement.  Plaintiff hereby requests that Defendant be required to produce that agreement, and, pursuant thereto, participate in arbitrating Plaintiff's claims while the present case is stayed.

## III.  LEGAL ARGUMENT

Defendant should be compelled to arbitrate Plaintiff's case against it.  Under Section 2 of the FAA, "[a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." The FAA promotes "a liberal federal policy favoring arbitration agreements ... [and] any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration."  *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983).

Congress enacted the FAA pursuant to its broad power under the Commerce Clause. *Allied-Bruce Terminix Cos., Inc. v. Dobson*, 513 U.S. 265, 271 (1995); see New York v. U.S., 505 U.S. 144, 158 (1992)("As interstate commerce has become ubiquitous, activities once considered purely local have come to have effects on the national economy, and have accordingly come within the scope of Congress' commerce power"). In *Allied Bruce*, the Court explained that the FAA's phrase "involving commerce" is the functional equivalent to the phrase "affecting commerce," which "signals an intent to exercise Congress' power to the full." Id. at 273-75; 277. Accordingly, the U.S. Supreme Court explained that the FAA is applicable not only to "persons or activities within the flow of interstate commerce," but also to transactions that merely "affect" commerce. Id. at 273-74. Thus, in *Citizens Bank v. Alafabco, Inc*., 539 U.S. 52, 56 (2003), the Court held that "it is perfectly clear that the FAA encompasses a wider range of transactions than those actually 'in commerce' -- that is, 'within the flow of interstate commerce.'" It explained that application of the FAA is not "defeated because the individual [transactions], taken alone, did not have a 'substantial effect on interstate commerce.'" Rather, Congress' Commerce Clause power is appropriately exercised "'in individual cases without showing any specific effect upon interstate commerce' if in the aggregate the economic activity in question would represent 'a general practice . . . subject to federal control.' Id. (emphasis added.) The Court held that it is "[o]nly that general practice [that] need bear on interstate commerce in a substantial way." Id.

Defendants' alleged activities and the agreement fall within the broad reach of the Commerce Clause.

The FAA requires district courts to stay the underlying lawsuit and compel arbitration of claims covered by a written and enforceable arbitration agreement. 9 U.S.C. § 3; *CompuCredit Corp. v. Greenwood*, 132 S. Ct. 665, 669 (2012). "If the Court is satisfied that the parties agreed to arbitrate, it must promptly compel arbitration." *Cramer v. Bank of Am., N.A.*, Case No. 12 C 8681, 2013 U.S. Dist. LEXIS 75592, at *6 (citing 9 U.S.C. § 4). "A court may not deny a party's request to arbitrate an issue 'unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'" Id. (quoting *Gore v. Alltel Commc'ns, LLC*, 666 F.3d 1027, 1032-33 (7th Cir. 2012))."It is well settled in this Circuit that in order to compel arbitration, the court must find (1) that a written arbitration agreement exists between the parties; (2) that there is a dispute among the parties within the scope of the arbitration agreement; and (3) that one of the parties is refusing to comply with the arbitration agreement by declining to participate in arbitration." *Johnson v. Orkin*, LLC, 928 F. Supp. 2d 989, 1002-03 (N.D. Ill. 2013) (internal citations omitted). Here, Plaintiff requests that this Court require Defendant to produce the arbitration agreement and to arbitrate Plaintiff's claims pursuant to that agreement.

## IV.   CONCLUSION

For all the reasons stated herein, Defendant is presumptively contractually required to arbitrate Plaintiff's claims against it, and Plaintiff respectfully requests that this Court grant his Motion to Compel Arbitration and stay this case in favor of arbitration.

Respectfully submitted this 16th day of April 2020,

By:    */s/ David A. Chami*
David A. Chami, #027585
PRICE LAW GROUP, APC
8245 N. 85th Way
Scottsdale, AZ 85258
T: (818) 600-5515
F: (818) 600-5415
E: david@pricelawgroup.com

Attorneys for Plaintiff,
John Bishop, Jr.

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2020, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter.

PRICE LAW GROUP, APC

*/s/ Florence Lirato*